**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diamorrio Reed, | No. CV-20-02129-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Petitioner Diamorrio Reed filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Magistrate Judge Michelle H. Burns filed a Report and Recommendation finding the petition should be denied. Petitioner filed some objections. For the following reasons, Magistrate Judge Burn's recommendation will be adopted.

## I.    Factual Background

On May 7, 2013, Petitioner was originally indicted on two counts of kidnapping and two counts of sexual assault against a minor; he was arraigned on December 12, 2013, and the last day for trial was set for September 1, 2014. (Doc. 10-1 at 4-5). The State dismissed these charges on July 1, 2014, because they secured another indictment against Petitioner on June 15, 2014. At that time, Petitioner was indicted on two counts of sexual conduct with a minor, one count of kidnapping, and one count of sexual abuse. The two counts of sexual conduct with a minor related to two different incidents: the "first act of penile-vaginal intercourse" and the "second act of penile vaginal intercourse after [the] victim rolled over." (Doc. 10-1 at 26-27). Petitioner was arraigned on July 3, 2014, and the last

day for trial was set for November 30, 2014.

Trial began in October of 2014, and Petitioner was convicted by jury of all counts. He was sentenced to 88 years in prison.

Petitioner filed an appeal (after the state court granted him leave to file a delayed notice of appeal) on November 8, 2016. The Court of Appeals affirmed Petitioner's convictions and sentences on August 10, 2017. *State v. Reed*, 2017 WL 3428092 (Ariz. Ct. App. Aug. 10, 2017).

Petitioner filed a timely pro se notice of post-conviction relief (PCR), alleging: (i) illegally seized evidence was introduced at trial, (ii) his right to a speedy trial was violated, and (iii) that he was subject to double jeopardy because his two convictions for sexual conduct with a minor were duplicative, and (iv) several ineffective assistance of counsel claims. The state court denied his petition, and he timely appealed. The Arizona Supreme Court denied review on November 14, 2019.

Petitioner filed the pending habeas petition on November 4, 2020. (Doc. 1). He asserts four grounds for relief: (1) he was denied due process when evidence obtained pursuant to an unlawful search and seizure was introduced at trial; (2) he was denied due process because he was denied his Sixth Amendment right to a speedy trial; (3) he was subject to double jeopardy from the two sexual conduct with a minor offenses; and (4) various claims of ineffective assistance of trial, appellate, and PCR counsel.

## II.    R&R, Objections, and Discussion

Magistrate Judge Burns filed a Report and Recommendation (R&R) on August 30, 2021, recommending the Court deny the habeas petition. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). Petitioner filed various objections to Magistrate Judge Burn's R&R. (Doc.

15).[1] While the Respondents asserted the objections are untimely so should not be considered, the Court will address them nevertheless.[2]

### A. Grounds 1, 2 and 3

Magistrate Judge Burns found an adequate and independent state rule bars Petitioner's arguments on these grounds. Petitioner raised these grounds in his PCR petition, but the state court denied relief because those grounds were precluded by Arizona Rule of Criminal Procedure 32.2(a)(3), which precludes claims on PCR that could have been raised and adjudicated on direct appeal. Petitioner argues his appellate counsel was ineffective and failed to raise these claims, excusing his default. Magistrate Judge Burns concluded Petitioner failed to demonstrate his counsel was ineffective, because there was not a reasonable probability that raising grounds 1, 2, and/or 3 on direct appeal would have led to a reversal of his convictions.

Petitioner objects, arguing he raised his ineffective assistance of counsel theory at the first possible opportunity: his PCR proceedings. He also argues his three substantive claims—use of evidence taken from a warrantless search at trial, speedy trial violation, and double jeopardy violation—were colorable, and he objects to the Magistrate Judge's findings that none of the three were likely to succeed. (Doc. 18 at 3-8). The Court reviews each briefly below and agrees with the Magistrate Judge.

In Ground 1, Petitioner alleges the detective who executed a search warrant for a buccal swab was not listed on the warrant, meaning the buccal swab evidence introduced at trial was a product of a warrantless search. The Magistrate Judge found Petitioner did not raise any evidence to support that the detective was unaccompanied by a law enforcement officer such that the evidence was obtained under an unlawful search and seizure. Petitioner objects that the PCR court "misallocate[ed] the burden of presenting the claim at trial or on direct appeal to petitioner himself," and failed to consider his counsel's

---

[1] Petitioner first objects to the Magistrate Judge's order directing Respondents to file a supplemental Response addressing the merits of Petitioner's claims. (Doc. 13). Petitioner argues Respondents "waived" their merits-based arguments by failing to include them in their initial Response. (Doc. 18 at 2). This argument has no merit.

[2] Petitioner wrote and mailed his objections on September 15, 2021, and they were filed with the Court on September 20, 2021.

obligation to properly investigate or raise the claim. But that objection is inapposite—because there is no reason to believe the claim would have been successful, the Court agrees with the Magistrate Judge that there was no ineffective assistance of counsel for failure to raise this ground earlier that excuses Petitioner's default.

In Ground 2, Petitioner alleges he was denied his right to a speedy trial, because the original indictment was dismissed and a new indictment, charging similar counts, was subsequently secured, with the effect of extending his trial date. Petitioner suggests dismissing and refiling the indictment was unnecessary and done only to extend the trial deadline. Magistrate Judge Burns found that Petitioner failed to introduce any evidence of any bad faith on the part of the state, and that the new indictment included substantive changes (including charging Petitioner under a different statute).[3] Petitioner objects the trial court should have required Respondents to demonstrate good cause for dismissing the original indictment. However, the Court agrees with the Magistrate Judge that nothing in the record suggests any bad faith. The Court granted the State's motion to dismiss the original indictment at a hearing, with Defendant present and defense indicating it did not object. (Doc. 10-1 at 23). Petitioner has not raised or pointed to any additional evidence suggesting bad faith and there was no ineffective assistance of counsel.

In Ground 3, Petitioner alleges he was subject to double jeopardy for the two counts of sexual conduct with a minor, because he argues they addressed the same event. The Magistrate Judge found that the two counts related to two different acts: the "first act of penile-vaginal intercourse" and the "second act." The original indictment specified that the "second act" occurred "after [the] victim rolled over." (Doc. 10-1 at 26-27). The victim's testimony at trial was unclear on whether she rolled over between the two acts of penetration or not, so the state moved to amend the indictment to conform to the evidence to strike "after [the] victim rolled over" from the language of the second count. (Doc. 14-

---

[3] Petitioner objects to the characterization that the new indictment contained "substantive changes." But the original indictment charges two counts of "Sexual Assault" against a child, and the new indictment charges two counts of "Sexual Conduct with a minor," which are crimes from different statutory provisions. Additionally, the new indictment included a new charge for "Sexual Abuse." (*Compare* Doc. 10-1 at 4-5 to Doc. 10-1 at 32-33).

1 at 712). Petitioner objects that striking that language rendered the two counts of sexual conduct duplicative. He further objects that the two counts are two parts of the same act of sexual intercourse, and that the legislature failed "to define the terminus of the offense" resulting in ambiguity.[4]

The Court agrees with the Magistrate Judge that removing that language did not automatically render the counts duplicative. The statute Petitioner was charged under prohibits "sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse . . . with any person who is under eighteen years of age." Ariz. Rev. Stat. § 13-1405. The statute further defines "sexual intercourse" as "penetration into the penis, vulva or anus by any part of the body or by any object or masturbatory contact with the penis or vulva." Ariz. Rev. Stat. § 13-1401(A)(4). Thus, it appears the unit of prosecution in a charge of sexual conduct with a minor is "penetration." Here, the prosecution charged two counts based on two distinct events, separated by some period of time, however short, and possibly a change in position of the victim. *See State v. Johnson*, 2023 WL 2250389, *5 (Ariz. Ct. App. Feb. 28, 2023) ("charges do not exceed the 'allowable unit-of-prosecution' for double jeopardy purposes if they are based on separate and distinct events.").

Accordingly, it was not ineffective assistance of counsel to fail to raise this claim such that Petitioner's default should be excused.

**B. Ground 4: Ineffective Assistance of Counsel**

Lastly, Petitioner asserts he received ineffective assistance of trial, appellate, and post-conviction counsel. He argues trial counsel failed to: (a) protect his right to a speedy trial; (b) conduct pretrial investigation into or challenge the validity of DNA evidence, including the failure to move to suppress the buccal swab mentioned above; (c) failed to preserve issues raised in Grounds 1-3 of his habeas petition mentioned above. He argues appellate counsel failed to: (d) raise issue regarding untimely notice of appeal and raise issues in Grounds 1-3 of his habeas petition discussed above. He also argues PCR counsel

---

[4] Petitioner seems to argue it was the fact that the trial court struck the differentiating language that rendered these two counts duplicative, not the more fundamental point that charging two counts of sexual conduct with a minor for events occurring close in time might violate double jeopardy. Nevertheless, the Court addresses both possible arguments.

failed to: (e) challenge the validity of the buccal swab evidence; (f) allege denial of speedy trial rights; and (g) argue appellate counsel was ineffective for failing to raise these claims on appeal.

Magistrate Judge Burns recommends Grounds 4(a) and 4(b) be denied, because, as discussed above, these claims were meritless and thus could not constitute grounds for an ineffective assistance of counsel claim for failing to raise them. The Court agrees. Magistrate Judge Burns also recommends Grounds 4(c) and 4(d) be denied, because as discussed above, they assert ineffective assistance of counsel for failure to raise arguments (at trial and on appeal) that would have been meritless. As discussed above, the Court agrees.

With respect to Petitioner's claims of ineffective assistance of PCR counsel in Grounds 4(e), (f), and (g), Magistrate Judge Burns recommends denying Petitioner's claims because the federal habeas statute specifically specifies that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Petitioner objects, restating his arguments that his PCR counsel failed to raise various claims. The Court agrees with the Magistrate Judge's analysis.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 16) is **ADOPTED IN FULL.**

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because dismissal of the petition is justified by plain procedural bars and reasonable jurists would not find the procedural ruling debatable.

…

…

…

1    **IT IS FURTHER ORDERED** the Clerk of Court shall close this matter and enter

2  judgment accordingly.

3      Dated this 1st day of September, 2023.

4

5

6    _____
     Honorable Roslyn O. Silver
7    Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28